JANE ELLEN STONECIPHER, OSB #77362
Marion County Legal Counsel
jstonecipher@co.marion.or.us
KIRSTIN E. LURTZ, OSB #97077
Assistant Legal Counsel
kelurtz@co.marion.or.us
555 Court Street N.E.
P.O. Box 14500
Salem, OR 97301
Telephone: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| ALLEN O. REINMILLER, | ) | Case No. 05-CV-1926-PK |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT** |
| | ) | **OF DEFENDANT'S RESPONSE** |
| v. | ) | **TO PLAINTIFF'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| MARION COUNTY, OREGON, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant hereby responds to Plaintiff's Motion for Summary Judgment. Plaintiff argues, under various theories, that the distribution scheme regarding proceeds from the sale of tax-foreclosed real property described in ORS 275.275 violates the U.S. Constitution. Plaintiff is not entitled to judgment as a matter of law as 1) Plaintiff's arguments are not supported by law and 2) the District Court lacks jurisdiction to decide this matter.

**I. Plaintiff Is Not Entitled to Summary Judgment on His Claims Based Upon Alleged Violations of the Equal Protection, Due Process and Takings Clauses of the U.S. Constitution.**

 A. <u>ORS 275.275 is a "tax law" of the State of Oregon.</u>

 ORS 275.275 governs the distribution of proceeds from a sale of land owned by a county pursuant to foreclosure of tax liens. The statute affords no discretion to a municipal government in the classification, designation or allocation of these proceeds. Indeed, all of the proceeds from a sale of tax-foreclosed property are considered collected delinquent property taxes or amounts expended in order to collect said delinquent property taxes. The compulsory distribution scheme first reimburses the county general fund for the amount of state taxes owing advanced by the county. ORS 275.275(1)(a)(A). Next, the county general fund is reimbursed for any penalties and fees incurred by or owed to the county pursuant to the tax foreclosure process. ORS 275.275(1)(a)(B). Then, the county general fund is reimbursed for costs actually incurred by the county in the maintenance of the tax-foreclosed property prior to its sale. ORS 275.275(1)(a)(C). Then, the balance of the taxes collected are distributed first to municipal corporations holding local improvement liens (taxes imposed upon landowners for sewer and paving projects and the like), ORS 275.275(3)(a)(A), and then finally to the certified taxing districts within the county according to the ratio set out in ORS 310.140. ORS 275.275(3)(a)(B).

 Present-day ORS 275.275 evolved over the 20th century from tax collection laws enacted early on in Oregon's statehood. These laws mandated counties to sell

tax-foreclosed properties and to distribute the total amount received to the taxing entities located within the counties:

> No claims shall ever be allowed against the county in favor of any municipality, school district, road district, or other taxing district for taxes levied on property acquired by the county by tax deed under the provisions of this act, but all taxes shall at the time of deeding said property be thereby cancelled; *provided*, that the proceeds of any sale of any property acquired by the county by tax deed shall be justly apportioned to the various funds existing at the date of the sale in the territory in which such property is located, according to the tax levies of the year last in process of collection (emphasis in original).

Lord's Oregon Laws, Title XXVIII, Chap. VIII, §3713 (1910).

> No claims shall ever be allowed against the county in favor of any municipality, school district, road district, or other taxing district for taxes levied on property acquired by the county by tax deed under the provisions of this act, but all taxes shall at the time of deeding said property be thereby canceled; provided, that the proceeds of any sale of any property acquired by the county by tax deed shall be justly apportioned to the various funds existing at the date of the sale in the territory in which such property is located, according to the tax levies of the year last in process of collection.

Olson's Oregon Laws, Title, Chap. VI, §4366 (1920).

The Legislature later made allowance for the reimbursement of the foreclosing counties of the sums paid to the state representing delinquent state property taxes and, later still, for the costs incurred by the foreclosing counties in maintaining and selling the properties:

> No claims shall ever be allowed against the county in favor of any municipality, school district, road district, or other taxing district for taxes levied on the property acquired by the county by tax deed under the provisions of this act, but all taxes shall at the time of deeding said property be thereby canceled; provided, that the proceeds of any sale of any property acquired by the county by tax deed shall first be applied to refund the general fund of the said county for the full amount advanced by said county to pay the state tax upon said property, and the balance, if any, shall be justly apportioned to the various other funds, including county funds, existing at

> the date of the sale in the territory in which such property is located, according to the tax levies of the year last in process of collection.

Oregon Code Annotated, Vol. 3, §69-832 (1930).

> No claims shall ever be allowed against the county in favor of any municipal corporation, school district, road district or other taxing district for taxes levied on the property heretofore or hereafter acquired by any county by foreclosure of delinquent taxes or otherwise under the terms of this act, but all taxes shall at the time of acquisition of said property by such county thereby be canceled; provided, that the proceeds arising under the terms of this act first shall be applied to refund the general fund of the said county for the full amount advanced by said county to pay the state tax upon said property, and, second, shall be applied to refund the general fund of the county for such properties' proportionate share, as fixed by the county court, of the costs and expenses incurred by the county in the maintenance and supervision of and in any suit by it to quiet its title to the property so sold, and the balance, if any, shall be justly apportioned to the various other funds, including county funds, existing at the date of the sale in the territory in which such property is located, according to the tax levies of the year last in process of collection.

Oregon Compiled Laws Annotated, Vol. 6, §86-144 (1940).

In 1953, the Oregon Legislature authorized a significant reorganization of Oregon's laws, instructing the Legislative Counsel Committee to produce the official compendium of the Oregon Revised Statutes. The chosen format, first published in 1953, is the same one employed by the Oregon Legislative Counsel today. Provisions regarding the sale of tax-foreclosed county lands were grouped with other provisions regarding county-owned lands rather than with provisions regarding the collection of taxes:

> 275.260. No claim shall ever be allowed against the county in favor of any municipal corporation, school district, road district or other taxing district for taxes levied on the property heretofore or hereafter acquired by any county by foreclosure of delinquent taxes or otherwise under ORS 275.090 to 275.220, but all taxes shall at the time of the acquisition of the property by such county thereby be canceled.

> 275.270.  (1) The proceeds arising under ORS 275.090 to 275.310 other than proceeds of the sale of lands lying in irrigation districts first shall be applied to refund the county general fund for the full amount advanced by the county to pay the state tax upon all properties upon which the county has foreclosed liens for delinquent taxes, and second, shall be applied to refund the county general fund for all the costs and expenses incurred by the county in the maintenance and supervision of such properties and in any suits by it to quiet its title to property sold; provided, that the proceeds so applied as refunds shall not amount to les than 10 percent of the total proceeds.
>      (2) The balance of said proceeds, including the payments for land sold under contract pursuant to ORS 275.190 or 275.200 shall be distributed by the county treasurer in accordance with an order of the county court determining the amount of such refunds and the distributive share of each taxing district on or before June 30 of each year to the various taxing districts within which the property sold is located in the proportion that the tax levy in mills of each of such bodies as shown by the tax levy filed with the assessor for the year last in process of collection, bears to the total of the levies in mills of all such taxing bodies for said year.  If any taxing body has not levied a tax in such year, but has levied taxes which were included in the tax liens foreclosed upon any parcel of land, the proceeds of the sale of which are included in such distribution, such taxing body shall be entitled to share in such distribution on the basis of the average of its last three tax levies immediately preceding the distribution.

Oregon Revised Statutes (1953).  The reorganization of the provisions does not alter or diminish the essential character of ORS 275.275 as a law dealing directly with the collection and distribution of delinquent property taxes.  The Court should regard ORS 275.275 as a "tax law" of the State of Oregon.

B. <u>Matters concerning "tax laws" of the State of Oregon must be heard in the Oregon Tax Court.</u>

The Tax Injunction Act, 28 USC §1341, provides that "the district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Plaintiff had such a remedy at the Oregon Tax Court.

5 – Memo in Support of Defendant's Response to Pltf's Motion for SJ - Case No.  05-CV-1926-PK)

The Oregon Tax Court is a court of justice of general jurisdiction imbued with the same powers, including the exercise of the panoply of available remedies, as Oregon circuit courts. ORS 305.405. Subject to certain exceptions, the Oregon Tax Court has exclusive jurisdiction over "the hearing and determination of all questions of law and fact arising under the tax laws of this state." ORS 305.410(1). ORS 275.275 is not among the enumerated laws specifically defined as <u>not</u> being tax laws of the state for the purpose of determining Tax Court jurisdiction. *See* ORS 305.410(1)(a)-(k). Moreover, ORS 275.275 is a law concerning the collection and distribution of delinquent state and local property taxes. *See* discussion in Paragraph 1., *supra*. The question of the constitutionality of ORS 275.275 is a matter properly decided at the Oregon Tax Court.

ORS 305.275(1) provides that any person otherwise not possessed of a statutory remedy for the adverse effects of a tax-related act, omission, order or determination of a county assessor or other county official upon the property of the person may appeal to the magistrate division of the Oregon Tax Court. Such an appeal must be made by the aggrieved person within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the occurrence of the act, act, omission, order or determination. ORS 305.280.

Chapter 275 does not designate a specific statutory right of appeal for a grievance related to ORS 275.275. Thus, Plaintiff was authorized to bring his complaint to the magistrate division of the Oregon Tax Court pursuant to ORS 305.275(1). The operative act, omission, order or determination in Plaintiff's case

occurred on September 13, 2004, with the distribution of the proceeds of the sale of the real property in accordance with the provisions of ORS 275.275 and denial of his claim to the Marion County Board of Commissioners for what he regarded as the "excess proceeds" of the sale. See Statement of Stipulated Facts, Paragraph 10., Letter from Tyree Paul Zander dated August 31, 2004, and Letter from Bruce Armstrong dated September 13, 2004. In order to be timely, Plaintiff's petition to the Tax Court should have been filed within 90 days of September 13, or by December 13, 2004, or at least within a year of the notification, or by September 13, 2005.

As Plaintiff is not entitled to be heard in this Court regarding state taxation matters, his requested relief of summary judgment on all of his claims should be denied.

**II. Plaintiff Is Not Entitled to Summary Judgment on Defendant's Counter Claim.**

In support of his motion for summary judgment on Defendant's counter claim, Plaintiff makes the bare assertion that the parties have stipulated to the facts and his "several reasoned arguments speak for themselves," and thus his claims cannot be considered frivolous.

A defendant is entitled to an award of attorney fees under 42 USC §1988 only if the District Court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14 (1980) (*quoting* Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). The Ninth Circuit has adopted this standard. *See* Parks v. Watson, 716 F.2d 646, 664 (9th Cir. 1983); Maag v. Wessler, 993 F.2d 718 (9th Cir.

1993). Although the parties have stipulated to the facts underlying this dispute, Defendant disagrees with Plaintiff's implication that the factual stipulation precludes a finding by the Court that Plaintiff's legal arguments are groundless or without foundation. This determination of essential reasonableness must be conducted after inquiry into the litigant's motives for filing the litigation:

> The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. As the Court noted in *Christiansburg*, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit. 434 U.S., at 422.

Hughes, 449 U.S. at 14. This Court must determine if Plaintiff, who is a represented litigant, realized or should have realized prior to filing this matter with the District Court that his proper and sole forum for his complaint was the Oregon Tax Court. This determination may not be made at this stage of the case as the Court has not had the opportunity to question Plaintiff on this issue and, contrary to Plaintiff's assertion, Plaintiff's motives for this suit are not patent in his "several reasoned arguments."

DATED this 19th day of May, 2006.

/s/ Kirstin E. Lurtz
Kirstin E. Lurtz
Assistant Legal Counsel
Of Attorneys for Defendant

# CERTIFICATE OF MAILING

I hereby certify that I served the foregoing Memorandum in Support of Defendant's Response to Plaintiff's Motion for Summary Judgment on the following person(s):

>Tyree P. Zander
>521 S.W. Clay St., Ste. 209
>Portland, Oregon 97201-5407

by mailing said person(s) a true copy, certified by me as such, thereof. I further certify that said copy was placed in a sealed envelope, addressed as noted above, and was deposited in the United States Mail at Salem, Oregon, on the 19th day of May, 2006.

>/s/ Kirstin E. Lurtz
>Kirstin E. Lurtz
>Assistant Legal Counsel
>Of Attorneys for Defendant