IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN O. REINMILLER,                                    CV. 05-1926-PK
                          Plaintiff,
                                                        OPINION AND ORDER

v.

MARION COUNTY, OREGON,
                          Defendant.
―――――――――――――――――

PAPAK, Magistrate Judge:

         Plaintiff Allen Reinmiller ("Reinmiller"), a former resident of Oregon and current

resident of Texas, brings this action against Marion County, Oregon ("Marion County") under 42

U.S.C. § 1983 for damages based on alleged constitutional violations of the Fifth and Fourteenth

Amendments.  Reinmiller asserts that his  rights were violated when Marion County, pursuant to

ORS § 275.275, retained "excess proceeds" derived from the property tax lien foreclosure sale of

real property in Aurora, Oregon, which had belonged to him prior to foreclosure.  This court has

jurisdiction pursuant to 28 U.S.C. § 1331.  Reinmiller moved for summary judgment[1] and oral

argument was heard on June 20, 2006.  For the reasons set forth below, Reinmiller's Motion for

Summary Judgment is denied and this action is dismissed with prejudice.

## LEGAL STANDARD

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits, if any, show there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(c); <u>Bahn v. NME Hospitals, Inc.</u>, 929 F.2d 1404, 1409 (9th

Cir. 1991).

## FACTUAL BACKGROUND

The real property at issue in this matter is located at 11001 Arndt Road N.E., Aurora,

Marion County, Oregon.  It is described in Marion County records as Property ID #R10015, Map

Tax Lot #031W32CD00300.  Allen Reinmiller purchased the property with Kathleen W.

Reinmiller on or about August 9, 1976.  The deed was executed by Walter and Kennon Comer

on August 3, 1976, and recorded on August 9, 1976.  Kathleen W. Reinmiller transferred the

property via quitclaim deed to Allen Reinmiller on June 21, 1979.  This deed was recorded on

September 20, 1979.  Allen Reinmiller was the sole record owner of the property until November

19, 2002.

For more than two years, Marion County attempted to compel Reinmiller into

_____

[1]Marion County's request to file a cross motion for summary judgment after the
dispositive motion deadline was denied.  The parties, however, agree that there are no disputed
issues of fact in this case and that ruling on Reinmiller's motion for summary judgment will be
dispositive of the entire case.

compliance with the building code and county ordinances prohibiting the accumulation of inoperable vehicles and solid waste on his property.  A summons and complaint were served on Reinmiller on September 11, 2002, but he failed to take any action to clean or limit access to his property.  Marion County eventually obtained a judgment imposing fines and requiring Reinmiller to bring his property into compliance.  Reinmiller did not comply with that judgment.

Reinmiller failed to pay property taxes due to Marion County for five consecutive tax years, 1998 through 2003.  Marion County sought and received a judgment of foreclosure and sale of the property from the Marion County Circuit Court in 2002.  The property was sold to Marion County on November 19, 2002, for the sum of $6,698.21, the sum of the property taxes, interest and fees due Marion County at that time.[2]  Oregon law provides for a two-year period in which Reinmiller could redeem his property from the tax foreclosure process by paying property tax arrearage, additional interim tax assessments, a 5% foreclosure proceedings penalty, and other costs.  ORS §§ 312.100-.190, 312.218.

In April 2003, Marion County sent notices to Reinmiller about a hearing to determine whether his property was subject to abandonment and waste.  These notices warned of the potential shortening of the redemption period as provided by statute.  See ORS § 312.122.  After receiving no response, Marion County contacted Reinmiller on his mobile phone on June 3, 2003, and informed him that the Board of Commissioners was considering whether to shorten the redemption period.  Reinmiller requested an opportunity to be heard on this matter and on June 19, 2003, he testified by phone at a supplemental hearing.  During that hearing he indicated

---

[2]Judgment in Case No. 02C18825 signed by the Honorable Dennis Graves on November 19, 2002.

that he would contact people in Oregon to assist him with removing cars, boarding up the house, fencing and selling the property. Reinmiller never followed through on any of these proposed actions. On July 2, 2003, the Board of Commissioners granted Reinmiller an additional thirty days to secure and clean the property.[3] Again, Reinmiller took no action.

On August 6, 2003, The Marion County Board of Commissioners shortened Reinmiller's redemption period to 30 days, ending on September 7, 2003. Reinmiller was provided with notice, an opportunity to be heard in the matter, and significant time within which to regain control of the property before the redemption period was shortened. Only when Reinmiller failed to act to redeem his property was the redemption period shortened. Reinmiller did not redeem the property within the shortened time period, and the Tax Collector for Marion County deeded the property to Marion County on September 11, 2003. Marion County sent Reinmiller notice of the intent to sell the property at public auction on May 10, 2004. The property was sold at public auction on June 18, 2004, to the highest bidder for the price of $167,000.00. Reinmiller calculates that as of that date, he owed Marion County $14,216.91 in back taxes and other fees.[4] The difference between the sale proceeds and the amount owed is $152,783.09, the amount that Reinmiller labels "excess proceeds" and to which he believes he is entitled.

Marion County has received and retained for its own purposes (subject to reallocation to other government entities as provided by law) all proceeds from the sale of the property. On August 31, 2004, Reinmiller sent a written claim to Marion County for what he defined as the "excess proceeds" from the sale. His claim was denied.

---

[3]Reinmiller was informed of the extra thirty days by telephone and letter dated July 3, 2003.

[4]This amount is not disputed by Marion County.

Page 4 - OPINION AND ORDER

On March 9, 2005, Reinmiller made claim to the "excess proceeds" in writing to the Marion County Treasurer.  This claim was denied.  Reinmiller petitioned the Marion County Board of Commissioners on June 9, 2005, requesting consideration and a hearing of his claim to the "excess proceeds" of the sale.  His claim and request for a hearing was denied.  Reinmiller filed his complaint with this court on December 23, 2005.

ANALYSIS

Reinmiller's contends that Marion County's failure to return the approximately $153,000 in "excess proceeds" realized on the sale of his foreclosed property violates the Fifth and Fourteenth Amendments of the Constitution, and is a Fifth Amendment taking of Reinmiller's property.[5]  For his remedies, in addition to the excess proceeds from the sale of his property, costs and fees, Reinmiller seeks a declaratory judgment that ORS § 275.275 is unconstitutional and a permanent injunction preventing its enforcement.

ORS § 275.275 governs the distribution of proceeds from a sale of land owned by a county pursuant to foreclosure of tax liens.  The compulsory distribution scheme of the funds realized from the sale of land first reimburses the county general fund for the amount of state taxes owed to the county.  Next, the county general fund is reimbursed for any penalties and fees incurred by the county in the maintenance of the tax-foreclosed property prior to its sale.  The balance is then distributed to municipal corporations holding local improvement liens, and then finally to the certified taxing districts within the county.  Thus, the county retains all proceeds from a tax sale even if those proceeds exceed the amount owed by the former owner of a

---

[5]While Reinmiller's complaint alleges a violation of the Eighth Amendment, he fails to support this claim in his motion for summary judgment.

foreclosed property.

"The law is well-settled that '[t]he States have a very wide discretion in the laying of their taxes." Weissinger v. White, 733 F.2d 802, 805-806 (11th Cir. 1984), citing Allied Stores v. Bowers, 358 U.S. 522, 526 (1959) (expressing the historical policy of federal deference to state taxing power).  Overall, cases considering constitutional challenges to state tax foreclosure sales conclude that "a taxpayer has a recognizable interest in the excess proceeds from such a sale only if the state constitution or tax statutes create such an interest." Ritter v. Ross, 558 N.W. 2d 909, 912 (Wis. Ct. App. 1996), cert. denied, 522 U.S. 995 (1997).  Here, Oregon law is clear that the former owner is not entitled to any proceeds from a tax lien foreclosure sale.

Federal courts have not been willing to disturb state tax laws and find constitutional violations.  In Nelson v. City of New York, 352 U.S. 103 (1956), the Supreme Court rejected a claim under the Takings Clause when a municipality sold foreclosed property and retained the proceeds.  The Court concluded that "nothing in the Federal Constitution prevents this where the record shows adequate steps were taken to notify the owners of the charges due and the foreclosure proceedings." Id. at 110.  This case is stronger than Nelson because here we have a state statute that directs the manner of distributing excess proceeds.  While Reinmiller argues for the application of United States v. Lawton, 110 U.S. 146 (1884), which discussed constitutional violations in dicta, Lawton was a statutory construction case that relied on an earlier Supreme Court decision[6] to determine that the statute in question required excess proceeds to be returned to the taxpayer.  Because the Oregon statute at issue here is clear, these statutory construction cases do not inform this decision.

---

[6]U.S. v. Taylor, 104 U.S. 216 (1881).

Page 6 - OPINION AND ORDER

Reinmiller argues that this court should find ORS § 275.275 unconstitutional based on cases from other states that require excess proceeds to be returned to the former owner. A survey of state statutes shows a great diversity in state tax laws, and statutes from different states offer alternatives to Oregon's approach for handling excess proceeds after the sale of foreclosed property.[7] Courts construing state tax laws have generally found no constitutional violations in the excess proceeds provisions.[8] This court declines Reinmiller's invitation to overturn settled Oregon tax law. As courts have stated in response to similar challenges to disbursement of excess proceeds based on state law after foreclosure sales, the appropriate forum to raise these concerns is the state legislature. See Nelson, 352 U.S. at 111; Catoor v. Blair, 358 F. Supp. 815, 817 (N.D. Ill.), aff'd, 414 U.S. 990 (1973). Because this court finds no constitutional violations in the application of ORS § 275.275 by Marion County in its distribution of proceeds from the tax lien foreclosure sale of Reinmiller's property, Reinmiller's Motion for Summary Judgment is denied.

///

///

///

---

[7]See, e.g., M.G.L.A. 60 § 43 (Massachusetts tax law that is silent as to excess proceeds); Vt. St. T. 32 § 5254 (Vermont law providing for the sale of parts of a property on which taxes are owed such that only so much of the land is sold as is necessary to pay taxes and costs).

[8]See, e.g., City of Auburn v. Mandarelli, 320 A.2d 22 (Me.), appeal dismissed, 419 U.S. 810 (1974) (finding no violation of former property owner's substantive due process rights and no Fifth Amendment taking in application of state tax law that did not return surplus to him); Balthazar v. Mari Ltd., 301 F. Supp. 103 (N.D. Ill.), aff'd, 396 U.S. 114 (1969) (finding no taking or denial of due process where excess proceeds remained with the state pursuant to state tax law).

CONCLUSION

For the reasons set forth above, Reinmiller's Motion for Summary Judgment (No. 13) is denied. Since there are no other issues to resolve in this case, a judgment will be prepared dismissing this action with prejudice.

Dated this 16th day of October, 2006.

  /s/ Paul Papak_____
Honorable Paul Papak
United States Magistrate Judge